IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARTIN WADE GODFREY,

        Plaintiff,

V.                      No. 09-4054-SAC

ST. FRANCIS HOSPITAL, et al.

        Defendants.

MEMORANDUM AND ORDER

This case comes before the court on motions to dismiss for lack of subject matter jurisdiction by defendants St. Francis Health Center and Joseph E. Mumford, pursuant to Fed. R. Civ. Pro. 12(b)(1). Plaintiff Martin Godfrey filed a complaint against three defendants for negligence, breach of informed consent, and products liability. The complaint alleges that defendant St. Francis Health Center, a hospital and medical center located in Topeka, Kansas, provided inadequate health care and failed to inform the plaintiff of certain health risks, which resulted in injury to the plaintiff. The complaint makes the same allegations against Joseph E. Mumford, who lives in Topeka, Kansas where he practices medicine at St. Francis Health Center. The complaint also alleges that defendant Breg, Inc., a

California corporation, should be liable for designing, manufacturing and selling a defective pain pump to St. Francis Health Center where it was used by Dr. Mumford to deliver anesthesia into the plaintiff's shoulder joint.

The plaintiff claims that inadequate healthcare and the defective pain pump caused permanent damage to his shoulder. The plaintiff filed his complaint in the U.S. District Court for the District of Kansas, stating diversity of citizenship under 28 U.S.C. § 1332 as the basis for federal jurisdiction. The plaintiff does not allege federal question jurisdiction.

Defendants St. Francis Health Center and Joseph Mumford made Fed. R. Civ. Pro. 12(b)(1) motions to dismiss for lack of subject matter jurisdiction because of an absence of complete diversity. The plaintiff provided no response to these motions. Plaintiff was thereafter ordered by the court to show cause why the defendants' motions should not be considered and decided as uncontested motions pursuant to D. Kan. Rule 7.4. The plaintiff failed to respond. The court will therefore consider the motions as uncontested pursuant to D. Kan. Rule 7.4 (stating that when "a respondent fails to file a response within the time required . . . the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice").

**Analysis**

"Federal courts are courts of limited jurisdiction." *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994). "The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1" of the Constitution. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Ba Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). "Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction." *Id.* In this case, the plaintiff argues solely that diversity jurisdiction, detailed in 28 U.S.C. § 1332, provides the necessary grounds for federal subject matter jurisdiction. Title 28 U.S.C. § 1332 provides that federal district courts have original jurisdiction of civil actions when there is diversity of jurisdiction between the parties and the amount in controversy is in excess of $75,000.

In the complaint, the plaintiff alleges diversity of jurisdiction because "defendants St. Francis Hospital and Joseph E. Mumford are citizens of and do business in Kansas and defendant Breg, Inc. is an out of state corporation and citizen of California." Dk 1, paragraph 1. The plaintiff's complaint seemingly suggests that the diversity requirement is satisfied

when co-defendants are citizens of different states.  In the alternative, the plaintiff is perhaps suggesting that the presence of the California defendant creates diversity of citizenship because the plaintiff is a citizen of Kansas.  In either case, the plaintiff has not satisfied the statutory requirement of diversity of jurisdiction because of the statute's "complete diversity" requirement.

Since the enactment of 28 U.S.C. § 1332, the Supreme Court has "interpreted the statute to require 'complete diversity' of citizenship" between the parties.  *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990).  "Complete diversity" exists when "all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation."  *Depex Reina 9 P'ship v. Texas Int'l Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir.1990).  Accordingly, the deciding factor is the diversity between opposing parties, not the diversity between co-plaintiffs or co-defendants.

The plaintiff does not state that his citizenship is in Kansas.  *See* Dk 1.  The plaintiff seems to equate residency with citizenship.  *See* Dk 1, paragraph 3 (indicating that the plaintiff "resides in Topeka, Kansas").  "Normally, a person's citizenship for diversity purposes is defined as

4

domicile," which includes both "physical presence in a state" and "an intent to remain indefinitely." *Martinez v. Wurtz*, No. 08-3008-SAC, 2008 WL 341469, at *2 (D. Kan. Feb. 6, 2008). Defendants St. Francis Health Center and Joseph Mumford both address the plaintiff's failure to state citizenship in their memoranda supporting their motions to dismiss. Dks 4 & 9, pages 2 & 2.

Assuming the plaintiff is a Kansas citizen, his diversity claim fails because complete diversity is absent. In his complaint, the plaintiff states that two of the defendants, St. Francis Health Center and Joseph Mumford, "are citizens of and do business in Kansas." Dk 1, paragraph 1. As Kansas citizens, these two defendants are non-diverse parties to the plaintiff's suit. Because the plaintiff shares Kansas citizenship with even one of these opposing parties, the suit lacks complete diversity, and the citizenship of Breg, Inc. is immaterial.

Unlike personal jurisdiction, a "lack of [subject matter] jurisdiction cannot be waived [nor] conferred upon a federal court by consent, inaction or stipulation." *Basso v. Utah Power & Light, Co.*, 495 F.2d 906, 909 (10th 1974). "[W]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter,

5

the court shall dismiss the action." *Tuck v. United Services Automobile Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988), *cert. denied*, 489 U.S. 1080 (1989).

IT IS THEREFORE ORDERED that the defendants' motions to dismiss for lack of subject matter jurisdiction (Dks. 3 and 8) are granted.

Dated this 2nd day of November, 2009, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge